127 F.3d 1107
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Binh Cong NGUYEN, Defendant-Appellant.
 No. 96-10278.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted, August 6, 1997.
Decided Oct. 17, 1997.
 
 Appeal from the United States District Court for the District of Hawaii, No. CR-95-00151-DAE; David A. Ezra, District Judge, Presiding.
 Before: SNEED, FLETCHER, and REINHARDT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Binh Cong Nguyen appeals his sentence, following a jury trial, for distributing and conspiring to distribute a controlled substance in violation of 21 U.S.C. §§ 846 and 841(a)(1). Nguyen contends that the district court improperly interfered with his mid-trial decision to plead guilty, and thus denied him the opportunity to receive a two-level downward adjustment for acceptance of responsibility. We have jurisdiction over this appeal under 28 U.S.C. § 1291 and we affirm.
 
 I.
 BACKGROUND
 
 3
 In January 1995, federal officers arrested Nguyen and two coconspirators for the sale of one-half pound of methamphetamine. The government secured the assistance of co-conspirators, Edward Ai Ho and Hieu Tranh Tran, in the prosecution of Nguyen. At trial, both Ho and Tran testified that Nguyen played a significant role in arranging the deal which ultimately resulted in their arrest. Nguyen then took the stand and denied any involvement in the transaction. Cross-examination of Nguyen began just prior to the conclusion of the morning session. After the lunch recess, Nguyen's attorney, Mr. Weight, requested a sidebar during which he informed the court of his client's desire to stop the trial and plead guilty. Attorney Weight had advised the defendant to continue on with the trial, but Nguyen was concerned that the jury would not accept his testimony. The court promptly excused the jury, and attorney Weight invited the court to inquire about Nguyen's motivation.[1] The court obliged:
 
 
 4
 THE COURT: Now, Mr. Weight has done a good job defending you in this case. I can't tell you, because I do not know, what a jury verdict will render if this case goes to the jury. The jury might convict you, or the jury might not convict you. But Mr. Weight's advice to you is that you go through and forward with your trial, and that is the advice I would give you if I was your lawyer .... Do you understand?
 
 
 5
 MR. NGUYEN: I understand, sir.
 
 
 6
 THE COURT: [I] will not make any comment to you about any sentence you might get if you are convicted in this case, because, first of all, it would be improper for me to do that; second of all, it would be impossible for me to do that, because I do not know your background and history; I have no idea about ... the factors that you have or personally possess, which go into the computation of the sentencing guidelines, so I cannot comment on any sentence you might get.
 
 
 7
 I can tell you that, if you plead guilty, you will, of course, be convicted, and you will be sentenced; and, if you go through a jury trial and are convicted, you will be sentenced, and your sentence will be determined by any number of factors, and it will not necessarily be lower because you plead guilty.
 
 
 8
 After addressing Nguyen's concerns about the jury, the court further explained:
 
 
 9
 THE COURT: So, really, the only thing we are left with is your own personal desire to do what you want to do. I can't get into any discussion about whether you should plead, per se, because the court can't get involved in plea negotiations between you and the government.
 
 
 10
 ....
 
 
 11
 So you have to make a decision, Mr. Nguyen, as to whether or not you wish to go forward with the trial today, or whether you wish to plead guilty. I am going to give you another half hour.... I have given you as much advice as I can. My advice is that you listen to your lawyer, but that is as much as I can tell you beyond what I have said ....
 
 
 12
 Nguyen accepted the half hour provided by the court. When the court reconvened, the following exchange ensued:
 
 
 13
 THE COURT: Mr. Nguyen, you have had a chance to discuss this matter with your counsel, Mr. Weight?
 
 
 14
 MR. NGUYEN: Yes.
 
 
 15
 THE COURT: And have you decided to proceed to finish up your trial?
 
 
 16
 MR. NGUYEN: Yes.
 
 
 17
 THE COURT: And Withdraw your request to plead guilty?
 
 
 18
 MR. NGUYEN: Yes.
 
 
 19
 THE COURT: All right. And that's your free, independent decision?
 
 
 20
 MR. NGUYEN: Yes.
 
 
 21
 THE COURT: And you have not been forced to do this by anybody, is that correct?
 
 
 22
 MR. NGUYEN: That's right, no one forced me.
 
 
 23
 [Tr. 5/23/95] (emphasis added).
 
 
 24
 The jury convicted Nguyen. Nguyen's presentence report recommended a two-level sentence enhancement for obstruction of justice, citing Nguyen's perjury at trial. The court found that Nguyen perjured himself, granted the enhancement and denied a two-level downward adjustment for acceptance of responsibility.[2] However, because Nguyen eventually cooperated with the government, the court granted him a two-level reduction in the offense level under the so-called "safety valve" provision, U.S.S.G. § 5C1.2. The court sentenced Nguyen to 121 months, the lowest possible sentence under the applicable guidelines.[3] This appeal timely followed.
 
 II.
 DISCUSSION
 A. Judicial Misconduct
 
 25
 Appellant argues that the comments made by the trial judge, which his actions precipitated, caused him to withdraw his guilty plea, costing him a possible reduction in his sentence under the guidelines' provision for acceptance of responsibility. See U.S.S.G. § 3E1.1. (1995). Appellant failed to object to the judge's remarks. Accordingly, we review his claim of judicial misconduct for plain error. See Fed.R.Crim.P. 52(b); United States v. Sanchez-Lopez, 879 F.2d 541, 551 (9th Cir.1989). "Plain error exists only in exceptional circumstances when a substantial right of a defendant is affected." Id.
 
 
 26
 This case presents no exceptional circumstances. As appellant rightly concedes, he has no constitutional right to plead guilty. In pleading guilty, a defendant necessarily waives certain rights secured to him by the Constitution, such as the right to a trial by jury and the right to confront one's accusers. For this reason, the trial court has an obligation to ensure that a defendant's guilty plea is entered into intelligently and voluntarily. See Boykin v. Alabama, 395 U.S. 238, 242 (1969). However, the determination to continue with trial does not waive any constitutional rights. To the contrary, such a decision preserves the defendant's rights. Therefore, this case is unlike United States v. Joelson, a case relied upon by appellant. See 7 F.3d 174 (9th Cir.1993), cert. denied, 510 U.S. 1019 (1993). There we recognized the delicate balance inhering to the decision to testify, and were troubled by the trial court's extensive discussion with Joelson about following his attorney's advice that he not take the stand. Id. at 178. We observed that the danger of influence in that situation was significant "because the right not to testify counterpoises the right to testify, and the exercise of one is the waiver of the other." Id. (quoting United States v. Martinez, 883 F.2d 750 (9th Cir.1989), vacated on other grounds, 928 F.2d 1470 (9th Cir.), cert. denied, 501 U.S. 1249 (1991), cert. denied, 498 U.S. 1000 (1990). Here the trial judge's comments were directed to protecting the only rights implicated by a decision to plead guilty.
 
 
 27
 Moreover, in spite of the danger of constitutional error in Joelson, we concluded that the trial court's interference did not preclude Joelson's subsequent implicit waiver of his right to testify. Id. Here the trial judge instructed appellant on three occasions that the decision to plead was his choice, following which, appellant expressly retracted his desire to plead guilty. There was no error.
 
 
 28
 Finally, we reject appellant's argument that the trial judge violated Fed.R.Crim.P. 11(e). Rule 11 governs plea negotiations between the government and the defendant's attorney, and bans any judicial involvement in the negotiation process. There were no plea negotiations here, however. The government was not present, and had no advance knowledge of defendant's mid-trial interest in pleading guilty. Thus, there was no judicial participation in the plea-bargaining process.[3]
 
 III.
 CONCLUSION
 
 29
 Consequently, the trial judge's remarks did not constitute plain error. The appellant's sentence is affirmed.
 
 
 30
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Nguyen's attorney informed the court:
 I am under orders from my client to bring this matter to Your Honor's attention. I am quite in a quandary as to how to proceed at this point. I guess I would invite Your Honor to inquire of the defendant, personally, to determine what it is he wants, and his rationale, and so forth.
 
 
 [2]
 The presentence report noted that Nguyen continued to maintain his innocence during his post-trial interview with the probation officer, and therefore, recommended that he not receive an acceptance of responsibility reduction. Moreover, in the typical case, a finding of obstruction of justice and acceptance of responsibility are mutually exclusive. See U.S.S.G. § 3E1.1., comment. (n.4) (1995)
 
 
 [3]
 Pursuant to U.S.S.G. § 3D1.2(b), Counts 1 and 2 were grouped together because Count 1 charges a conspiracy, while Count 2 charges the substantive offense that was the object of that conspiracy; the applicable offense level is the more serious. In this case, Counts 1 and 2 provide the same offense level, 32
 
 
 [3]
 In any event, the ban on judicial participation in the plea-bargaining process is premised on the "high and unacceptable risk of coercing a defendant to accept the proposed agreement and plead guilty.", United States v. Anderson, 993 F.2d 1435, 1439 (9th Cir.1993)